UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re:
TC LIQUIDATIONS, LLC., et al.,

Debtors.

Chapter 7

Case Nos. 803-81231-478 (DTE)
803-82765-478 (DTE)
803-84721-478 (DTE)
803-84723-478 (DTE)
803-84722-478 (DTE)
(Substantively Consolidated)

---------------------------------------------------------x

ROBERT L. PRYOR, Chapter 7 Trustee
of the bankruptcy estate of
TC Liquidations, LLC, *et al.*

Plaintiff,

-against-

STEVE TIFFEN,

Defendant.

Adv. Pro. No.: 05-8682 (DTE)

---------------------------------------------------------x

ROBERT L. PRYOR, Chapter 7 Trustee
of the bankruptcy estate of
TC Liquidations, LLC, *et al.*

Plaintiff,

-against-

IRA TIFFEN,

Defendant.

Adv. Pro. No.: 05-8683 (DTE)

---------------------------------------------------------x

ROBERT L. PRYOR, Chapter 7 Trustee
of the bankruptcy estate of
TC Liquidations, LLC, et al.

Plaintiff,

-against-

BARBARA MENDELSOHN,

Defendant.

Adv. Pro. No.: 05-8684 (DTE)

**ORDER**

---------------------------------------------------------x

---------------------------------------------------------x
ROBERT L. PRYOR, Chapter 7 Trustee
of the bankruptcy estate of
TC Liquidations, LLC, et al. Adv. Pro. No.: 05-8685 (DTE)

Plaintiff,

-against-

JEFFREY COHEN AND SANDRA COHEN,

Defendants.
---------------------------------------------------------x

**UPON** the Order Shortening Notice and Scheduling a Hearing to Consider the Trustee's Motion Seeking Approval of a Stipulation of Settlement between the Plaintiff and the Defendants, entered March 9, 2012; and upon the Motion Seeking Approval of a Stipulation of Settlement between the Trustee and Defendants, dated March 9, 2012 (the "Motion"), by Robert L. Pryor, Esq., the Chapter 7 trustee (the "Trustee") of TC Liquidations, LLC, *et al*. (the "Debtors"), by his attorneys, Pryor & Mandelup, L.L.P., in the above captioned adversary proceedings Nos. 05-8682, 05-8683, and 05-8684, and by his Special Counsel, LaMonica, Herbst & Maniscalco, LLP in adversary proceeding No. 05-8685, and the Affirmation Under Local Bankruptcy Rule 9077-1 in Support of an Order Scheduling a Hearing on Shortened Notice, of David A. Blansky, Esq., dated March 9, 2012, and the Exhibits thereto, all submitted in support of the Trustee's Motion for an order: (i) pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the Stipulation and Order of Settlement, dated as of March 5, 2012 (the "Settlement Stipulation"), between the Trustee, as plaintiff in the above-captioned adversary proceedings (the "Adversary Proceedings") and the defendants (the "Defendants") in the Adversary Proceedings, settling each of the Adversary Proceedings, and authorizing the Trustee to enter into and perform the terms of the Settlement

Stipulation; and upon the Affidavit of Service-First Class Mail, sworn to March 13, 2012, evidencing service of the Motion and the Local Bankruptcy Rule 9077-1 Affirmation by first class mail, on March 12, 2012, on all Defendants, Defendants' counsel, all creditors in each of the Debtors' cases, the Office of the United States Trustee, and all parties filing notices of appearance in the above Chapter 7 cases; and no objection to the Motion having been filed; and the Motion having come on for a hearing (the "Hearing") before the Court on March 20, 2012 at 11:00 a.m., and the Trustee, as plaintiff in the Adversary Proceedings, having appeared at the Hearing as to Adversary Proceedings Nos. 05-8682, 05-8683 and 05-8684, by his attorneys, Pryor & Mandelup, L.L.P., by A, Scott Mandelup, Esq., and as to Adversary Proceeding No. 05-8685, by his Special Counsel, LaMonica, Herbst & Maniscalco, LLP, by Jordan Pilevsky, Esq., and Defendants, having appeared, by their attorneys, Chadborne & Parke, LLP, by Scott S. Balber, Esq., all in support of the Motion; and the Court having determined that service of the Motion was good and sufficient; and the Court having determined that the settlement of the Adversary Proceedings pursuant to the terms of the Settlement Stipulation are reasonable and in the best interest of the Debtors, Debtors' estate, and the creditors, and that the Motion should be granted; and the Court, for good cause shown, having granted the Trustee's Motion to extend through and including the 21st day after the date of entry of this Order, the time for the Trustee and each of the Defendants in each of the Adversary Proceedings to file with the Clerk and serve a designation of the items to be included in the record on appeal and a statement of the issues to be presented on appeal, pursuant to Bankruptcy Rule 8006, and to otherwise comply with the requirements of Bankruptcy Rule 8006; it is hereby

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that the Settlement Stipulation hereby is approved, pursuant to Bankruptcy Rule 9019(a), and the Trustee hereby is authorized to enter into and perform the terms of the Settlement Stipulation.

**Dated: Central Islip, New York**
**March 22, 2012**

**Dorothy Eisenberg**
**United States Bankruptcy Judge**